## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

May 13, 2009

## LETTER ORDER

**Re:**   <u>Albert Halprin, et al. v. Verizon Wireless Services, LLC, et al.</u>
Civil Action No. 07-4015 (JAP)

Dear Counsel:

As you are aware, on April 8, 2008 this Court granted Defendants Verizon Wireless Services, LLC and Cellco Partnership's (collectively "Verizon") motion to compel arbitration. However, given this Court's reliance on *Homa v. American Express Co.*, 496 F. Supp. 2d 440 (D.N.J. 2007) in its opinion granting Verizon's motion, the Court stayed the instant proceedings pending the Third Circuit's review of *Homa*. The Court also granted Plaintiff Albert Halprin ("Halprin") ten days from the Third Circuit's determination in *Homa* to file an appropriate motion for relief from the Court's April 8, 2008 Opinion and Order. On February 24, 2009, the Third Circuit reversed the District Court's decision in *Homa*. *See Homa v. American Express Co.*, 558 F.3d 225 (3d Cir. 2009). Accordingly, on March 10, 2009 Halprin filed a motion for reconsideration of the April 8, 2008 Opinion and Order granting Verizon's motion to compel arbitration. This Court, having fully reviewed and considered all papers submitted in support of and in opposition to Halprin's motion for reconsideration, now considers same pursuant to FED.R.CIV.P. 78 without oral argument.

In this District, motions for reconsideration are governed by L.Civ.R. 7.1(i) and reconsideration is considered "an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal quotation marks and citation omitted). In order to prevail

on a motion for reconsideration, the movant must demonstrate that there has been "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its opinion or order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citation omitted).  Further, even where reconsideration is granted, the movant is not guaranteed a different or better result. *See Rojas v. City of New Brunswick*, 2007 U.S. Dist. LEXIS 26303, at *7-10 (D.N.J. April 9, 2007).

Here, given the Third Circuit's reversal in *Homa*, the Court finds that reconsideration of its April 8, 2008 Opinion and Order is appropriate.  However, as explained more fully below, after reconsidering that Opinion and Order, the Court reaches the same result:  Verizon's motion to compel arbitration should be granted.  In coming to this conclusion, the Court finds that the applicable choice of law considerations favor the application of Virginia law.

As the Court previously determined, in order to decide which state's law applies in this action, the Court uses "the choice of law rules of the forum state -- in this case, those of New Jersey." *Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 131 (3d Cir. 2002) (citing *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487 (1941)).  In New Jersey, courts apply §187 of the Restatement (Second) of Conflict of Laws to ascertain whether to enforce a choice of law clause in a contract between two private parties.  §187 of the Restatement (Second) of Conflict of Laws provides that:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

*See also Prudential Ins. Co. v. Nelson*, 11 F. Supp. 2d 572, 578 (D.N.J. 1998).  Thus, under the above-

described test, the Court must first determine whether Virginia has "no substantial relationship" to the matter at hand. If a substantial relationship exists, then the Court must decide whether New Jersey has a "materially greater interest" in the resolution of the instant dispute than Virginia. Should it, then the Court would have to determine whether applying Virginia law would be contrary to one of New Jersey's fundamental public policies.

With respect to the first prong of the aforementioned test, the Court in its April 8, 2008 Opinion and Order determined that Virginia has a substantial relationship to this matter. The Third Circuit's reversal in *Homa* has no bearing on this holding and therefore the Court shall not reconsider same. Moving to the second prong, the Court never determined whether New Jersey had a "materially greater interest" in this case than Virginia. Instead, relying on *Homa* the Court found that "'[e]ven assuming that New Jersey state law would apply in the absence of an effective choice of law provision, . . . the parties' choice of law controls because application of that law does not violate any fundamental public policy' against class action waivers[.]" (April 8, 2008 Op. at 7 (quoting *Homa*, 496 F. Supp. 3d at 448)). The Third Circuit's recent reversal in *Homa*, however, calls into question the Court's conclusion that the application of Virginia law does not violate a fundamental public policy against class action waivers in New Jersey. Consequently, the Court shall reconsider its holding on this point. In doing so, the Court first examines whether New Jersey has a materially greater interest in this matter than Virginia.

As the Court already determined, "[i]n this case, each state has a substantial interest." (April 8, 2008 Op. at 7). For example, New Jersey has an appreciable interest in applying its consumer fraud laws to the corporations within its borders. Similarly, Virginia has a significant interest in protecting its residents by applying its consumer protection laws to them. The question, however, is not whether New Jersey has an interest in this matter, but rather whether New Jersey's interest is materially greater than Virginia's. Everything considered, under the facts presented in this case, the Court cannot find that New Jersey's

3

interests are materially greater than Virginia's.

Unlike in *Homa*, where Utah (the law of the state chosen by the parties to govern their dispute) had only a minor connection to the dispute at issue (*see* 558 F.3d at 232-33), here Virginia, as the state in which Halprin resides and in which Verizon provided wireless services to Halprin on four wireless lines, each of which bears a Virginia area code, has a clear and significant interest in the instant dispute. Indeed, the facts of this case are plainly distinguishable from *Homa*. Further, given Virginia's ties to both the parties as well as the issues in dispute, this Court believes that the Supreme Court of New Jersey would determine that under the facts presented here, Virginia has a materially greater interest than New Jersey in deciding this matter. Consequently, the Court finds that New Jersey's choice of law analysis directs this matter to be decided under Virginia law, and, as previously determined, "[w]hen applying Virginia law to the question of enforceability of the arbitration clause and class action waiver, the Court determines that the clauses are enforceable." (April 8, 2008 Op. at 9). As a result, the Court finds that Verizon's motion to compel arbitration should be granted. Therefore the Court hereby stays these proceedings in favor of arbitration.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED that Halprin's Motion for Reconsideration is GRANTED.**

**IT IS FURTHER ORDERED that the matter be STAYED in favor of arbitration.**

**IT IS FURTHER ORDERED that Halprin is compelled to assert his claim against Verizon on an individual basis in an arbitration proceeding consistent with the terms of the parties' agreement.**

**IT IS FURTHER ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 39] accordingly.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**